**WO**                                                                                          KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Allen Ontjes, | No. CV 12-696-PHX-GMS (SPL) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles Ryan, et al., | |
| Respondents. | |

Petitioner John Allen Ontjes, who is confined in the Arizona State Prison-Kingman, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed *In Forma Pauperis*. The Court will require an answer to the Petition.

**I.     Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

**II.    Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR 2007-169570-001SE, of Sale and Transportation of a Dangerous Drug, Possession of a Dangerous Drug For Sale, and Possession of Drug Paraphernalia. Petitioner was sentenced to a 14-year term

**TERMPSREF**

1 of imprisonment. Petitioner names Charles Ryan as Respondent to the Petition and the
2 Arizona Attorney General as an Additional Respondent.

3     Petitioner raises three grounds for relief:

4     (1)    The trial court gave an improper instruction to the jury and erred when it failed
5           to poll the jury on the individual charges;

6     (2)    Petitioner's trial counsel was ineffective by failing to give Petitioner a written
7           copy of the plea bargain, failing to advise Petitioner of the full range of
8           possible of sentences if Petitioner lost at trial, and advising Petitioner to reject
9           the plea offer; and

10     (3)    Petitioner's trial counsel was ineffective for failing to object to excessive fines
11           that were part of Petitioner's sentence.

12     Petitioner states that he has presented these claims to the Arizona Court of Appeals.
13 The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

14 **III.    Warnings**

15     **A.    Address Changes**

16     Petitioner must file and serve a notice of a change of address in accordance with Rule
17 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other
18 relief with a notice of change of address. Failure to comply may result in dismissal of this
19 action.

20     **B.    Copies**

21     Petitioner must serve Respondents, or counsel if an appearance has been entered, a
22 copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a
23 certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner
24 must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to
25 comply may result in the filing being stricken without further notice to Petitioner.

26     **C.    Possible Dismissal**

27     If Petitioner fails to timely comply with every provision of this Order, including these
28 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,

963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(3) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 547 U.S. 198, 209-11 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(4) Petitioner may file a reply within 30 days from the date of service of the answer.

(5) This matter is referred to Magistrate Judge Steven P. Logan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 15th day of May, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge