IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Allen Ontjes,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan; et al.,<br><br>    Respondents. | No. CV-12-00696-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Petitioner John Allen Ontjes's Petition for Writ of Habeas Corpus. (Doc. 1.) Magistrate Judge Steven P. Logan issued a Report and Recommendation ("R&R") in which he recommended that the Court deny the Petition with prejudice. (Doc. 45.) Ontjes filed objections to the R&R. (Doc. 50.) Because objections have been filed, the Court will review the Petition de novo. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For the following reasons, the Court accepts the R&R and denies the Petition.

**BACKGROUND**

Ontjes was convicted by a jury in Maricopa County Superior Court, case #CR2007-00169570, on two counts of the sale or transportation of dangerous drugs, one count of possession of dangerous drugs for sale, and one count of the possession of drug paraphernalia. (Doc. 45 at 1–2.) On February 26, 2009, he was sentenced to four concurrent terms of imprisonment, totaling 14 years. (*Id.*) The Superior Court also ordered restitution on one of the counts of sale or transportation of dangerous drugs in the amount of $500, and fines in the amount of $2,000 each on both counts of the sale or

1  transportation of dangerous drugs and on the count of possession of dangerous drugs for
2  sale. (*Id.*)

3        Petitioner appealed the judgment. (Doc. 14-1, Ex. J.) Through counsel, he raised
4  three issues: (1) that the trial court failed to properly offset his restitution; (2) that the trial
5  court erroneously ordered "$5,000" in restitution when orally reciting the sentence; and
6  (3) that the trial court erred by not polling each juror separately on each individual count.
7  (*Id.*) In a memorandum decision filed on June 24, 2010, the Court of Appeals affirmed
8  Petitioner's convictions and sentences. (Doc. 14-1, Ex. L.) On August 23, 2010,
9  Petitioner filed a Petition for Review in the Arizona Supreme Court. (Doc. 14-1, Ex. M.)
10 On February 17, 2011, that Petition was summarily denied. (Doc. 14-1, Ex. N.)

11       On June 26, 2010, prior to the filing of his Petition for Review, Petitioner filed a
12 *pro se* Notice of Post-Conviction Relief. (Doc. 14-2, Ex. O.) On February 3, 2011,
13 Petitioner, through counsel, filed a Petition for Post-Conviction Relief. (Doc. 14-2, Ex.
14 P.) This Petition alleged three claims of ineffective assistance of counsel. (*Id.*) Petitioner
15 alleged that (1) trial counsel failed to properly advise him of the sentencing range for his
16 offenses during plea negotiations; (2) trial counsel failed to object to the fines imposed at
17 sentencing; and (3) appellate counsel failed to challenge the fines imposed at sentencing
18 on direct appeal. (*Id.*) The Superior Court found that Petitioner had presented a colorable
19 claim for relief regarding trial counsel's advice on the sentencing ranges, and held an
20 evidentiary hearing on that claim on May 20, 2011. (Docs. 14-2, Exs. S, T; Ex. 31-1, Ex.
21 A.) At the conclusion of the hearing, the Superior Court denied and dismissed the Petition
22 for Post-Conviction Relief. (*Id.*)

23       On June 20, 2011, Petitioner filed a *pro se* Petition for Review. (Doc. 14-2, Ex.
24 U.) The Court of Appeals found that the Petition failed to identify the issues the
25 Petitioner wished to present for review, the facts material to those issues, and reasons
26 why the Petition should be granted. Thus, the Court of Appeals returned the Petition on
27 June 24, 2011 and provided Petitioner 30 days to file a proper petition. (Doc. 14-2, Ex.
28 V.) On August 24, 2011, after Petitioner had filed neither a compliant petition nor a

request for an extension of time, the Court of Appeals dismissed the proceedings. (Doc. 14-2, Ex. W.)

Petitioner filed the instant Petition for Writ of Habeas Corpus on April 2, 2012. (Doc. 1.) In his Petition, Petitioner cites three grounds for relief: (1) that the trial court erred when it failed to poll each juror separately on each individual count; (2) that trial counsel was ineffective during plea negotiations; and (3) that trial counsel was ineffective for failing to contest incorrect or illegal fines. (*Id.*)

Magistrate Judge Logan issued a R&R on October 16, 2013, in which he recommended denial of the Petition with prejudice. (Doc. 45.) Petitioner filed objections to the R&R on December 23, 2013 (Doc. 50), and the Court will now review the Petition de novo.

**DISCUSSION**

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3)(2006). Review of Petitions for Habeas Corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id.;* U.S.C. § 2244 *et seq*.

**I.      Ground One: Failure to Poll Jury on Each Individual Count**

In Ground One, Petitioner contends that the trial court erred by failing to poll each jury member on each separate count for which he was found guilty. It appears, as the Court of Appeals assumed, that Petitioner alleges this violated Rule 23.4 of the Arizona Rules of Criminal Procedure. (Doc. 45 at 12.) While an alleged violation of a state procedural rule is generally not cognizable on federal habeas review, a challenge of alleged state law error may be cognizable if the error "so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (citation omitted).

First, it is not clear to the Court how the failure to poll each juror as to each separate count violates Rule 23.4, as that Rule does not specify how a jury is to be polled regarding verdicts on multiple counts. ARIZ. R. CRIM. P. 23.4.  Second, the Petitioner

1  offers no arguments to suggest that the trial court's decision to not poll the jury separately
2  on each count had or could have had any impact on the verdicts or any other aspect of the
3  trial. In his Petition, Petitioner notes that that "prior to deliberation, the jurors were
4  instructed by the trial court that the state had to prove each element of each charge
5  beyond a reasonable doubt: that each count was 'a s[e]parate and distinct offence.'" (Doc.
6  1 at 6.) Following the return of the verdicts, the trial court asked the court clerk to poll the
7  jury regarding the four guilty verdicts, but told the clerk "[y]ou don't have to do it
8  separately. Just as to all counts." (Doc. 14-1 at 113–14.) The clerk then asked the first
9  juror "[a]s to the guilty verdict on Count one; the guilty verdict on Count two; the guilty
10 verdict on Count three; and the guilty verdict on Count six, is this [your] true verdict
11 juror number one?" (Doc. 14-1 at 126–27.) The clerk proceeded to ask each of the
12 remaining jurors whether these were also their true verdicts. (*Id.*) Petitioner states that
13 "permitting the jurors to respond only once during the poll violated the preceding rule."
14 (Doc. 1 at 6.)

15 Petitioner does not allege that the trial court instructed the jury incorrectly prior to
16 sentencing. Indeed, he notes that the jury was told to consider each count separately. He
17 also offers no explanation of how the polling after the jury completed deliberations could
18 have impacted the verdicts reached during those deliberations, or any evidence to suggest
19 any juror indicated doubt during the polling. Thus, Petitioner fails to state a claim that
20 this alleged error violated his right to due process in any manner. He therefore fails to
21 state a claim that is cognizable on federal habeas review. This portion of the R&R is
22 accepted.

23 **II.    Grounds Two and Three: Ineffective Assistance of Counsel**
24      **A.    Exhaustion and Procedural Default**
25 A petitioner is required to exhaust his claims in state court before seeking federal
26 habeas relief. 28 U.S.C. § 2254(b)(1)(A). To satisfy that requirement, a petitioner must
27 "give the state courts an opportunity to act on his claims before he presents those claims
28 to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

- 4 -

1    In Arizona, a petitioner is required to "fairly present" all claims he seeks to assert in his
2    habeas proceeding first to the Arizona Court of Appeals either through direct appeal or
3    the State's post-conviction relief proceedings. *Swoopes v. Sublett*, 196 F.3d 1008, 1010
4    (9th Cir. 1999).

5    For a petitioner to have fairly presented his claims to the appropriate state courts,
6    he must have described the operative facts and the federal legal theory that support his
7    specific claim. *See Baldwin v. Reese*, 541 U.S. 27, 29, 31 (2004); *Scott v. Schriro*, 567
8    F.3d 573, 582 (9th Cir. 2009) (per curiam) ("Full and fair presentation . . . requires a
9    petitioner to present the substance of his claim to the state courts, including a reference to
10   a federal constitutional guarantee and a statement of facts that entitle the petitioner to
11   relief.")

12   If a petitioner has failed to "fairly present" his federal claims to the state courts—
13   and has therefore failed to fulfill AEDPA's exhaustion requirement—the habeas court
14   must determine whether state remedies are still available for the petitioner; if not, those
15   claims are procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1
16   (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the
17   petitioner would be required to present his claims in order to meet the exhaustion
18   requirement would now find the claims procedurally barred[,] . . . there is a procedural
19   default for purposes of federal habeas . . . .").

20   A habeas court will consider claims that the petitioner has procedurally defaulted
21   only if he can demonstrate (1) cause for his failure to comply with state rules and actual
22   prejudice or, in the very rare instance, (2) a miscarriage of justice. *See Dretke v. Haley*,
23   541 U.S. 386, 388–89 (2004). "Cause" means "some objective factor external to the
24   defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v.
25   Carrier*, 477 U.S. 478, 488 (1986). Even if a petitioner demonstrates cause for a
26   procedural default, he must nevertheless show "prejudice" or that the supposed
27   constitutional error "worked to his actual and substantial disadvantage, infecting his
28   entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152,

170 (1982). Finally, a miscarriage of justice is shorthand for a situation "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke*, 541 U.S. at 393 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

### B. Application

In Ground Two, Ontjes asserts that his trial counsel was ineffective during plea negotiations. In Ground Three, he alleges that trial counsel was also ineffective for failing to contest incorrect or illegal fines. Petitioner presented these claims to the Superior Court in post-conviction relief proceedings, but did not present the claims for review by the Court of Appeals. Thus, as Petitioner concedes, he failed to exhaust these claims in state court. As the time has passed for Ontjes to seek post-conviction relief in state court, and he has not demonstrated that that any of the exceptions to the state time limits apply, Ontjes's claims are technically exhausted and procedurally defaulted.

Ontjes argues that his procedural default should be excused because he was unable to obtain a copy of the evidentiary hearing transcript in time to file a Petition for Review. However, Petitioner does not explain how the lack of a transcript actually impeded his ability to file a Petition for Review presenting his arguments. As Petitioner has not demonstrated cause to excuse his procedural default, the Court need not consider whether he also suffered actual prejudice. Further, Petitioner fails to show that a miscarriage of justice would result if his claims were barred because he argues only that the alleged errors led to an unfair sentences and fines, but not that he is actually innocent. Thus, this portion of the R&R is accepted.

### CONCLUSION

Petitioner's claim in Ground One fails to state a basis for federal habeas relief. His claims in Ground Two and Three are procedurally defaulted, and he has failed to provide a basis to excuse that default. Thus, the Court denies his petition.

**IT IS THEREFORE ORDERED** that Magistrate Judge Logan's Report and Recommendation (Doc. 45) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that John Allen Ontjes's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 cases, in the event Petitioner files an appeal, the Court declines to issue a Certificate of Appealability because reasonable jurists would not find the Court's procedural ruling debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 30th day of April, 2014.

/G. Murray Snow
United States District Judge